UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. **09-CV-61836-Dimitrouleas-Snow**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| THOMAS TAYLOR and ORANGE ISLE, LLC, | ) |
| Defendants. | ) |

FILED by **VT** D.C.
ELECTRONIC

Nov. 16, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

The United States of America, by and through Jeffrey Sloman, Acting United States Attorney for the Southern District of Florida, complains and alleges as follows:

### General Allegations

1. This civil action is brought by the United States of America to reduce to judgment unpaid trust fund recovery penalties duly assessed against defendant Thomas Taylor for tax periods ended September 31, 2000; December 31, 2000; June 30, 2001; September 31, 2001; December 31, 2001; June 30, 2002; December 31, 2002; and June 30, 2003.

2. Through this action, the United States of America also seeks to foreclose

4247532.11

a tax lien that arose as a result of the tax assessments described in this complaint on real property ("Subject Property") once belonging to Thomas Taylor, but now belonging to Orange Isle, LLC.

3. This action is brought pursuant to 26 U.S.C. Sections 7401 and 7403 at the direction of the Attorney General of the United States, with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

4. This Court has jurisdiction over this action pursuant to 26 U.S.C. Section 7402 and 28 U.S.C. Sections 1340 and 1345.

5. Venue properly lies in this district pursuant to 28 U.S.C. Sections 1391 and 1396 because the Subject Property is situated and the tax liabilities arose in this judicial district.

6. Thomas Taylor, an individual, resides in North Myrtle Beach, South Carolina. This Court has jurisdiction over Taylor because the trust fund recovery penalties arose in this judicial district.

7. Orange Isle, LLC is a limited liability company formed under the laws of the State of Florida. Orange Isle, LLC is located within this judicial district.

**Count I: Complaint To Reduce Tax Assessments to Judgment.**

8. The United States incorporates paragraphs 1 through 7 as if fully set forth herein.

9. From at least July 1, 2000 through June 30, 2003, Thomas Taylor was a

person responsible for collecting, truthfully accounting for, and paying over the income and employment taxes withheld from employees of his company, "Condotels of America, Inc." Because Thomas Taylor willfully failed to pay over those income and employment taxes to the United States, a delegate of the Secretary of the Treasury, on February 21, 2005, assessed trust fund recover penalties against Thomas Taylor pursuant to 26 U.S.C. Section 6672 in the amounts, and for the taxable quarters set forth in the table below:

| Tax Period | Assessed Penalty |
|---|---|
| 09/30/2000 | $38,211.89 |
| 12/31/2000 | $25,829.66 |
| 06/30/2001 | $20,842.06 |
| 09/30/2001 | $34,805.24 |
| 12/31/2001 | $22,908.36 |
| 06/30/2002 | $7,281.43 |
| 12/31/2002 | $18,865.43 |
| 06/30/2003 | $8,833.53 |

10. Notice of assessments and demand for payment of the assessments described in paragraph 9, above, were made on Thomas Taylor.

11. Despite notice of the assessments and demand for payment, Thomas Taylor failed to pay fully the liabilities described above. As a result, interest and statutory additions on the assessments continue to accrue.

12. Calculated as of December 22, 2008, Thomas Taylor owes the United

States a sum of $191,935.10 for his unpaid trust fund recovery penalties for tax periods ended September 31, 2000; December 31, 2000; June 30, 2001; September 31, 2001; December 31, 2001; June 30, 2002; December 31, 2002; and June 30, 2003, plus further interest and statutory additions thereon as allowed by law from December 22, 2008 to the date of payment.

### Count II: Complaint to Foreclose Tax Liens.

13. The United States incorporates paragraphs 1 through 12 as if fully set forth herein.

14. On February 21, 2005, liens arose in favor of the United States upon assessment of the trust fund recovery penalties identified above and attached to all property and rights to property, whether real or personal, belonging to or thereafter acquired by, Thomas Taylor, pursuant to 26 U.S.C. Section 6321.

15. The Subject Property on which the United States seeks to foreclose its tax liens is located at 610 W. Las Olas Boulevard, Unit 1019-N, Fort Lauderdale, Florida 33312 and is more fully described as:

> Condominium Parcel 1019 N of SYMPHONY NORTH, a Condominium according the Declaration of Condominium thereof as recorded in Official Records Book 41004, Page 323 of the Public Records of Broward County, Florida, together with an undivided interest in the common elements appurtenant thereto and all amendments thereto as set forth in said declaration.

16. Thomas Taylor acquired the Subject Property by Special Warranty Deed

on or about January 20, 2006. The Warranty Deed was recorded in Book 41333, Page 1382 of the Public Records of Broward County. The tax liens described in paragraph 14, above, attached immediately to Taylor's interest in the Subject Property pursuant to 26 U.S.C. Section 6321.

17.     On February 27, 2006, a delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien in the public records of Broward County against Thomas Taylor to secure the assessments describe in paragraph 9, above. The Notice of Federal Tax Lien appears in Book 41533, Page 1249 of the public records of Broward County.

18.     Following the recording of the Notice of Federal Tax Lien, on January 11, 2007, Thomas Taylor transferred the Subject Property by Warranty Deed to Smith Desauguste. The Warranty Deed appears in Book 43534, Page 944 of the public records of Broward County. Desauguste took the Subject Property subject to the tax lien, which continued to encumber the Subject Property following this transfer.

19.     Also on January 11, 2007, Smith Desauguste then transferred the Subject Property by Quit Claim Deed to RG Investment Group, Inc. The Quit Claim Deed appears in Book 43784, Page 1233 of the public records of Broward County. RG Investment Group, Inc. took the Subject Property subject to the tax lien, which continued to encumber the Subject Property following this transfer.

20.     The next day, on January 12, 2007, RG Investment Group, Inc. transferred

the Subject Property by Warranty Deed to Claude Midi. The Warranty Deed appears in Book 43928, Page 235 of the public records of Broward County. Midi took the Subject Property subject to the tax lien, which continued to encumber the Subject Property following this transfer.

21. By way of a Certificate of Title executed on October 2, 2007, NovaStar Mortgage, Inc. purported to purchase the Subject Property at a judicial foreclosure sale on September 20, 2007. The Certificate of Title appears in Book 44720, Page 1956 of the public records of Broward County.

22. On information and belief, neither the United States nor any of its agents were named as a defendant in the related foreclosure action. As a consequence, NovaStar Mortgage, Inc. took the Subject Property subject to the tax lien, which continued to encumber the Subject Property following this transfer. See 26 U.S.C. Section 7425(a)(1).

23. On November 19, 2007, NovaStar Mortgage, Inc. transferred the Subject Property by Quit Claim Deed to InSource Financial Services, LLC. The Quit Claim Deed appears in Book 45021, Pages 366-68 of the public records of Broward County. InSource Financial Services, LLC took the Subject Property subject to the tax lien, which continued to encumber the Subject Property following this transfer.

24. On January 15, 2009, InSource Financial Services, LLC transferred the Subject Property by Special Warranty Deed to Orange Isle, LLC. The Special Warranty Deed appears in book 45021, Page 369 of the public records of Broward County.

25. Thomas Taylor never having satisfied his tax assessments, the United

States' lien not having expired, and despite the multiple aforementioned transfers, Orange Isle, LLC took the Subject Property subject to the tax lien, which continues to encumber the Subject Property.

WHEREFORE, the United States requests that the Court adjudge and decree:

A. That judgment be entered against Thomas Taylor and in favor of the United States for unpaid trust fund recovery penalties for tax periods ended September 31, 2000; December 31, 2000; June 30, 2001; September 31, 2001; December 31, 2001; June 30, 2002; December 31, 2002; and June 30, 2003 in the amount of $191,935.10, as of December 22, 2008, plus statutory additions accruing thereafter;

B. That by virtue of the assessments identified and described above, the United States has a valid and subsisting statutory lien that attaches to all property and rights to property presently belonging to Thomas Taylor, as well as the Subject Property;

C. That the federal tax liens described above be foreclosed on the Subject Property and that the same be sold according to law, free and clear of the liens and claims of the parties herein, and that the proceeds from that sale be distributed in accordance with the Court's findings concerning the validity and priority of the parties' interests in the Subject Property;

D. That proceeds of the sale distributed to the United States be applied to the unpaid trust fund recovery penalties of Thomas Taylor as set forth in this Complaint; and

    E. That the United States be awarded its costs incurred in connection with this action, along with such other relief as is just and proper.

              Respectfully submitted,

              JEFFREY SLOMAN
              Acting United States Attorney

              RICHARD D. EULISS
              Trial Attorney, Tax Division
              U.S. Department of Justice
              Post Office Box 14198
              Ben Franklin Station
              Washington, D.C.  20044
              Telephone: (202) 514-5915
              Email: Richard.D.Euliss@usdoj.gov

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
Thomas Taylor

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard D. Euliss, U.S. Dept. Of Justice
P.O. Box 14198
Washington, DC
202-514-5915

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:09CV 61836-WPD-Snow

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO       b) Related Cases ☐ YES ☑ NO
JUDGE _____       DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
26 U.S.C. Section 7402

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 11/13/09

FOR OFFICE USE ONLY
AMOUNT WAIVED   RECEIPT # _____   IFP _____